**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**LUIS QUINONES**
**On behalf of himself,**
**FLSA Collective Plaintiffs and the Class**

**Plaintiff,**

**-against-**

**KEYSTONE ELECTRONICS CORP.,**
**TROY DAVID, AND**
**THOMAS J. VOYTAC, Jr.**

**Defendants.**

---

**ECF CASE**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, **LUIS QUINONES**, on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Class and Collective Action Complaint against Defendants, **KEYSTONE ELECTRONICS CORP. ("Corporate Defendant"), TROY DAVID, and THOMAS J. VOYTAC, Jr. (the "Individual Defendants", and together with the Corporate Defendants, the "Defendants"),** states as follows:

## INTRODUCTION

**1.** Plaintiff alleges pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 et seq. ("FLSA"), that he is entitled to recover from Defendants: (a) unpaid overtime premium, (b) liquidated damages, and (c) attorneys' fees and costs.

**2.** Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid overtime premium, (b) unpaid "spread of hours" premium, (c) liquated damages, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

**3.** This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**4.** Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391.

## PARTIES

**5.** Plaintiff, Luis Quinones, is at all relevant time periods, was and continues to be a resident of the Bronx County, New York.

**6.** Corporate Defendant Keystone Electronics Corp. ("Keystone") is a domestic corporation organized under the laws of the State of New York, with its principal place of business located at 55 S. Denton Avenue, New Hyde Park, NY 11040.

**7.** Individual Defendants:

Troy David is the Owner and Operator of Corporate Defendant Keystone. He also served as Keystone's President, Chief Executive Officer ("CEO"), and Chief Financial Officer ("CFO") for the past ten (10) years. Amongst his responsibilities is to ensure that payroll is met and suppliers are paid. He signs all payroll checks, and his door is always open for his employees. He is also known as the Head of the Human Resources Department, at Keystone.

Troy David exercises the power to (and also delegates to managers and supervisors the power to) hire and fire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, and the FLSA Collective Plaintiffs.

Troy David additionally has the power to hire and fire, supervise and control work schedules and conditions of employment, and determine the rate and method of pay of his

managerial employees who directly supervised Plaintiff and the FLSA Collectively Plaintiffs. He also exercises functional control over the business and financial operations of Corporate Defendant Keystone. He regularly walks around the various factory floors, shops and departments within Keystone to ensure the quality of its products.

**8.** Thomas J. Voytac, Jr., at all relevant periods, was the Director of Manufacturing at Keystone. As such, he managed various departments, including Plaintiff's. He is a Senior Manager who directly reports to the CEO, Mr. David. As a Senior Manager he exercises operational control as it relates to all employees within his departments, including Plaintiff, and the FLSA Collective Plaintiffs. He exercises the power of hire and fire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, and the FLSA Collective Plaintiffs. At all times, employees could complain to Thomas Voytac directly regarding any of the terms of their employment; and Thomas Voytac would have the authority to affect any changes to the quality and terms of the employees' employment. Thomas Voytac regularly walks the floors of his departments and directly reprimands any employee who does not perform his/her duties correctly.

**9.** Together, Defendants operate a manufacturing facility enterprise in Nassau County. At all relevant times, Keystone was and continues to be an "enterprise engaged in commerce" within the meaning of the FSLA.

**10.** At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

**11.** Although Plaintiff did not work at each of Defendants' departments, all are appropriately included in this Complaint. Because Keystone has one identical illegal wage and hours policy, it

is properly named, based on its outstanding liability to the Class Members who Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

**12.** Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

**13.** At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, policies, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the overtime at the rate of one and one half times the regular rate for work in excess of forty (40) hours per work week. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

**14.** The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to 16 (b) of the FLSA, 29 U.S.C. § 216 (b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS - NEW YORK

**15.** Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P") Rule 23, on behalf of all non-exempt employees, employed by Defendants on or after the date that is six (6) years before the filing of this Complaint as defined herein (the "Class Period").

**16.** All said non-exempt employees, including Plaintiff, are referred to herein as the "Class". The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determined from Defendants' records. For purposes of the notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

**17.** The proposed Class is so numerous such that a joinder of all Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. Although the precise numbers of such individuals are unknown because of the facts on which the calculation of that number rests presently within the sole control of Defendants; there is no doubt that there are more than forty (40) Members of the Class.

**18.** Plaintiff's claims are typical of those claims that could be alleged by any Member of the Class, and the relief sought is typical of the relief that would be sought by each Member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of forty (40), per work week, and (ii) failing to pay "spread of hours" premium. Defendants' corporate wide policies and practices affected all Class Members similarly, and Defendants benefitted from the same type

of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**19.** Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by Counsel who is experienced and competent in both Class Action litigation and employment litigation and have previously represented both Plaintiffs and Defendants in wage and hour cases.

**20.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damage suffered by each of the individual Class Members are small in the sense pertinent to a Class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individuals Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a Class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Moreover, treating the claims as a Class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudication with respect to the individual members' rights of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the

disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**21.** Defendants and other employers throughout the State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint with a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

**22.** There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type of work and labor for which Defendants did not pay the Class Members properly;

(c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class Members for their work;

(d) Whether Defendants properly compensated Plaintiff and Class Members for overtime under State and Federal Laws; and

(e) Whether, Defendants paid the "spread of hours" premium owed to employees working more than ten (10) hours per day as required by New York Labor Law.

## STATEMENT OF FACT

**23.** Plaintiff, Luis Quinones:

**(a)** From the commencement of his employment by Defendants, on or about June 8, 2016, to the date of his termination on July 19, 2024, Mr. Quinones was employed by Defendants to work initially in their Astoria facility, and after the Company relocation to Long Island, he continued to work in the new location until his termination on 7-19-2024.

**(b)** Initially, Mr. Quinones was hired as an Apprentice. Subsequently, he was promoted to the position of Tool and Dye Maker. At the time of his termination, he was earning thirty ($30) dollars per hour.

**(c)** From November 2019 to July 2024, Mr. Quinones' work schedule was Monday through Friday from 7:00 a.m. to 3:30 p.m. However, during the same time period he regularly worked from 6:30 a.m. to 3:30 p.m. and beyond.

**(d)** Notwithstanding the fact that when Mr. Quinones worked overtime, he only received pay for forty (40) hours or less, with some exceptions. Moreover, when Mr. Quinones worked more than ten (10) hours a day on many-occasions, Defendants failed to pay him the spread of hours premium required under NYLL.

**(e)** For instance, from 11-18-2019 to 11-22-2019, Plaintiff worked a total of 42.50 hours. but received pay for only forty (40) straight hours, with no overtime. From 1-27-2020 to 1-31-2020, Plaintiff worked a total of 49.50 hours but received overtime for only two (2) hours. Moreover, from 1-27-2020 to 1-30-2020, Plaintiff worked ten (10) hours a day but did not receive any "spread of hours" premium pay for those four (4) days.

During the week of 1-25-2021 to 1-29-2021, Plaintiff worked 41.75 hours but received pay for forty (40) straight hours. During the week of 2-1-2021 to 2-6-2021, Plaintiff worked 49 hours

but received pay for forty (40) hours. During the week of 2-15-2021 to 2-20-2021, Plaintiff worked 49.75 hours but received pay only for one (1) hour of overtime.

From 1-10-2022 to 1-15-2022, Plaintiff worked a total of 58.50 hours but received pay for only 2 hours of overtime. Moreover, from 1-10-2022 to 1-14-2022, Plaintiff worked ten (10) hours each day but did not receive "spread of hours" premium for each of those five (5) days. From 4-18-2022 to 4-22-2022, Plaintiff worked a total of 46.25 hours but received pay for 43 straight hours, with no overtime. Moreover, although three (3) of those five (5) days Plaintiff worked ten (10) hours a day, no "spread of hours" premium was paid to Mr. Quinones.

From 1-9-2023 to 1-13-2023, Plaintiff worked a total of 42.50 hours but received pay for forty (40) straight regular hours with no overtime. From 12-4-2023 to 12-8 2023, Plaintiff worked a total of 41.75 hours but only received straight pay for forty (40) hours with no overtime.

From 1-22-2024 to 1-26-2024, Plaintiff worked a total of 41.25 hours but received pay for only forty (40) straight hours. From 4-1-2024 to 4-5-2024, Plaintiff worked a total of 41.50 hours but only receive pay for forty (40) straight hours.

**24.** Although, like Plaintiff Quinones, FLSA Collective Plaintiffs and Class Members regularly worked more than forty (40) hours per work, Defendants unlawfully failed to pay them either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over forty (40) in a work week.

**25.** Plaintiff, FLSA Collective Plaintiffs, and Class Members had workdays that regularly exceeded ten (10) hours in length. However, Defendants never paid them the "spread of hours" premiums as required by NYLL.

**26.** Plaintiff retained the Law Office of Lee Nuwesra to represent him, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay his Counsel a reasonable fee for his services.

## STATEMENT OF CLAIM

## COUNT I

### Violations of the Fair Labor Standards Act
### On Behalf of Plaintiff and FLSA Collective Action Plaintiffs

**27.** Plaintiff re-alleges and re-avers Paragraph 1 through 26, of this Class and Collective Action Complaint as if fully set forth herein.

**28.** At all relevant times Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §206(a) and 207(a).

**29.** At all relevant times Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

**30.** At all relevant times, Corporate Defendant had/has gross annual revenues in excess of $500.000.

**31.** At all relevant times, the Defendants engaged in a policy and practice of not paying overtime compensation at the statutory rate of time and one half to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours a week. This conduct was willful.

**32.** Defendants are in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further, records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery

proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amounts due.

**33.** Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

**34.** As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

**35.** Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

## COUNT II

## Violation of the New York Labor Law On Behalf of Plaintiffs

**36.** Plaintiff re-alleges and re-avers paragraphs 1 through 35, of this Class and Collective Action as if fully set forth herein.

**37.** At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

**38.** Defendants willfully violated Plaintiff and Class Members' rights by failing to pay them overtime compensation at the rate of not less than one- and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

**39.** Defendants willfully violated Plaintiff and Class Members' rights by failing to pay the "spread of hours" premium required by state law.

**40.** Due to Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants, their unpaid overtimes, unpaid "spread of hours" premium,

damages for unreasonable delayed payments, reasonable attorneys' fees, liquidated damages and costs and disbursements of the action pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Luis Quinones, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Honorable Court grant the following relief:

**(a)** A declaratory judgment that the practices complained of are unlawful under the FLSA and the NYLL;

**(b)** An award of unpaid overtime compensation due under FLSA and NYLL;

**(c)** An award of unpaid "spread of hours" premium due under the NYLL;

**(d)** An award of liquidated/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216;

**(e)** An award of liquidated/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium, pursuant to the NYLL;

**(f)** An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' fees and expert fees;

**(g)** Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

**(h)** Designation of this action as a Class Action pursuant to F.R.C.P. 23;

**(i)** Designation of Plaintiff as Representative of the Class; and

**(j)** Such and further relief as this Court deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands trial by Jury on all issues so triable as of right by a jury.

Dated: November 11, 2025

Respectfully submitted,

_______*/s/*___________________________

Lee Nuwesra (LN 5851)
*Attorney for the Plaintiff,*
*FLSA Collective Plaintiffs and the Class*
16 Westminster Drive,
Croton On Hudson, NY 10520
Tel: (845) 553-3238
lnuwesra@optonline.net

**CONSENT TO SUE UNDER**

**THE FAIR LABOR STANDARDS ACT**

I, Luis Quinones, am an individual formerly employed by Keystone Electronics Corporation, et al. (together, including any successors, affiliates or related entities, "Defendants"). I consent to be a Plaintiff in an action to collect unpaid compensation against Defendants.

By: Luis Quinones
Name: Luis Quinones

11/6/2025
Date